IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FELIX IBARRA-VILLALVA,**

       Plaintiff,

v.                                           Civil Action No. 5:07cv47
                                                  (Judge Stamp)

**BUREAU OF PRISONS;**
**USA;**
**"UNKNOWN" DIRECTOR AND STAFF, Geisinger Medical Center;**
**"UNKNOWN DIRECTOR AND STAFF, US Medical Center and**
      **Laboratory for Prisoners;**
**Mr. CHANGMUNGAM, Medical Director USP Allenwood, PA;**
**Mr. LAINO, Health Services Administrator, USP Allenwood, PA;**
**MS. BENNETT, PA/RN, USP Allenwood, PA;**
**OTHER "UNKNOWN" MEDICAL STAFF, USP Allenwood, PA;**
**MS. HUNTER, Health Services Administrator, USP Coleman-1, Florida;**
**"UNKNOWN HEALTH SERVICE ADMINISTRATOR, USP Hazelton, WV;**
**MR. FRIMPONG, PA/RN?MLCP USP Allenwood, PA;**
**OTHER "UNKNOWN" GOVERNMENT OFFICIALS, BOP,**
                Defendants.

## REPORT AND RECOMMENDATION

On April 11, 2007, the plaintiff, a federal inmate, initiated this case by filing a <u>Bivens</u>[1] complaint pursuant to 28 U.S.C. § 1331. On May 8, 2007, the plaintiff was granted Leave to Proceed *in forma pauperis*. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq</u>., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In his complaint, the plaintiff alleges that he suffers from Hepatitis C Virus (HCV), an

---

[1] <u>Bivens</u> is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights. <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

infectious disease that he characterizes as a "life threatening serious medical condition." The plaintiff specifically alleges that he was diagnosed with HCV and Hepatitis A Virus (HCA) in approximately April of 2001 while incarcerated at USP Allenwood. He further alleges that all of the defendants failed to address his serious medical condition thereby inflicting cruel and unusual punishment. As well, the plaintiff alleges that all of the defendants engaged in "a wide range of falsehood in completed [sic] disregards [sic] to truths and to movants actual medically found circumstances-lab results-physical appearances-and his actual complaints of sufferings, and pains and the deteriorations....up to date." The plaintiff also claims that he has been denied access to a medial doctor for a year and has suffered serious medical and physical injuries as a result. Finally, the plaintiff claims that he has been discriminated against and treated unequally in as much as other prisoners have been treated immediately with appropriate and effective treatment plans with positive outcomes in many instances. As relief, the plaintiff seeks monetary damages, a TRO and an order requiring that he be seen by a medical doctor and mid level care provider for treatment with interferon, a medical meal diet, vaccination against Hepatitis B Virus (HBV) and other appropriate vaccinations and an eye exam.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section 1915(e)(2)(B)(I), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually frivolous" under section 1915 if the facts alleged are clearly baseless. Denton, supra at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

"To avoid dismissal of suits as frivolous, in forma pauperis plaintiff must meet certain minimum standards of rationality and specificity, and 'fantastic' or 'delusional' claims are insufficient to withstand charge of factual frivolity." Adams v. Rice, 40 F.3d 72, 72 (4th Cir. 1994). Further, an action is malicious when filled with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va. 1977).

Additionally, dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were not presented, see Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments fore him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, the

Court must accept as true the allegations et forth by the plaintiff in his complaint. See Perkins v. Kansas Department of Corrections, 165 F.3d 804 (10th Cir. 1999).

## III. ANALYSIS

### A. Claims Against Bureau of Prisons and USA

A Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003). Therefore, neither the Bureau of Prisons nor the United States of America can be sued in a Biven's action.

### B. Claims Against Individual Defendants from USP Allenwood, USP Colemen, and the Geisinger Medical Center

The plaintiff's complaint "names" five employees of USP Allenwood which is located in White Deer, Pennsylvania, one employee of USP Coleman, which is located in Coleman, Florida, and the director and staff of the Geisinger Medical Center, which appears to be located in Pennsylvania.

For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[2]

---

[2]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of the subsection shall be deemed equivalent to an

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary...to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. <u>In re Celotex Corp.</u>, 124 F.3d 619, 627-28 (4th Cir. 1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not "Offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within

---

appointment by such nonresident of the secretary of state, or his successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury outside this state if he or she regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state; Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivision (1) through (7), subsection (a) of this section may be asserted against him or her.

the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S,Ct. 1228, 2 L.Ed.2d 1283 (1958)see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed..2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp.2d 851, 854 (S.D. W.Va. 2004).

With regard to the actions of the defendants from Florida and Pennsylvania, the plaintiff has failed to assert any contact by these defendants with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the information contained in the complaint, the Court cannot exercise personal jurisdiction over these individuals as any action that took place appears not to have occurred anywhere in West Virginia, and there is no indication that these defendants had any contact with the State of West Virginia.

**D. Claims Against the "Unknown" Health Services Administrator at USP Hazelton**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgement for the relief the pleader seeks. "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, Plaintiff makes no specific allegations of a violation of any constitutional

right against defendant, "Unknown" Health Services Administrator, USP Hazelton, West Virginia.[3]
Instead, it appears that the plaintiff merely names this defendant in his official capacity as the administrator of the health services at USP Hazelton. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Inasmuch as the plaintiff has failed to allege any specific act on the part of this defendant that exceeded the scope of his employment or violated any policy of the Bureau of Prisons, the plaintiff has failed to state a claim which can be maintained in a Bivens action.

Furthermore, even if the court were to construe the plaintiff's allegations as being that of individual capacity, a Bivens action like an action under 42 U.S.C. § 1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA). Porter v. Nussle, 534 U.S. 516, 524 (2002). In his complaint, the plaintiff states that he exhausted his administrative remedies, but provides no proof that he, in fact, did. The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the Office of the General Counsel (BP-11). 28 C.F.R. § 542.10-542.15.

---

[3]In fact, the plaintiff's complaint is mostly rambling and incoherent in its entirety and makes no specific allegations against any individual defendant, but rather, is a "stream of consciousness" attack on what the plaintiff believes has been his improper medical care while incarcerated within a series of federal penitentiaries.

The plaintiff did not arrive at FCI Hazelton until March 13, 2007[4], and the complaint was signed on April 9, 2007 and filed on April 11, 2007, less than thirty (30) days after his arrival at Hazelton. Therefore, it is clear from the face of the complaint that the plaintiff could not have exhausted his administrative remedies with respect to his "allegations" against the "Unknown" Health Services Administrator at USP Hazelwood.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's Bivens complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) ; Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

---

[4]See Memorandum Brief attached to plaintiff's complaint in Civil Action No. 3:07cv39 filed in the United States District Court for the Northern District of West Virginia.

Dated: May 29, 2007

                                                  /s/ James E. Seibert
                                                  JAMES E. SEIBERT
                                                  UNITED STATES MAGISTRATE JUDGE