IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FELIX IBARRA-VILLALVA,

    Plaintiff,

v.                                     Civil Action No. 5:07CV47
                                                 (STAMP)

BUREAU OF PRISONS, USA,
"UNKNOWN" DIRECTOR AND STAFF,
Geisinger Medical Center,
"UNKNOWN" DIRECTOR AND STAFF,
US Medical Center and
Laboratory for Prisoners,
MR. CHANGMUNGAM, Medical Director,
USP Allenwood, PA,
MR. LAINO, Health Services Administrator,
USP Allenwood, PA,
MS. BENNETT, PA/RN, USP Allenwood, PA,
OTHER "UNKNOWN" MEDICAL STAFF,
USP Allenwood, PA,
MS. HUNTER, Health Services Administrator,
USP Coleman-1, Florida
"UNKNOWN" HEALTH SERVICE ADMINISTRATOR,
USP Hazelton, WV,
MR. FRIMPONG, PA/RN/MLCP,
USP Hazelton, WV,
OTHER "UNKNOWN" GOVERNMENT OFFICIALS, BOP,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S**
**MOTION TO PRODUCE EXHAUSTION OF REMEDIES**
**AND DENYING AS MOOT ALL REMAINING MOTIONS**

I. _Facts and Procedural History_

Felix Ibarra-Villalva, proceeding _pro se_[1] and _in forma pauperis_,[2] filed a complaint on April 11, 2007, pursuant to _Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics_, 403 U.S. 388 (1971) ("_Bivens_")[3] and 28 U.S.C. § 1331. This matter was referred to Magistrate Judge James E. Seibert for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, _et seq._, and 28 U.S.C. § 1915(e) and 1915(A).

According to the plaintiff's complaint, the defendants have intentionally failed to provide him with adequate medical care. The plaintiff asserts that he has Hepatitis C virus ("HCV") and that the defendants' failure to provide treatment for his condition has resulted in serious medical and physical injuries, thereby inflicting cruel and unusual punishment. The plaintiff also claims that he has suffered unequal and discriminatory treatment at the hands of the defendants because other prisoners have been treated

---

[1] "_Pro se_" describes a person who represents himself in a court proceeding without the assistance of a lawyer. _Black's Law Dictionary_ 1237 (7th ed. 1999).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. _Black's Law Dictionary_ 779 (7th ed. 1999).

[3] Under _Bivens_, claims made be brought against a federal agent for violations of a federal right, including constitutional rights. _Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics_, 403 U.S. 388 (1971).

2

immediately with appropriate and effective treatment plans which have yielded positive outcomes in many instances.  As relief, the plaintiff seeks the following: monetary damages; a temporary restraining order and an order requiring that he be seen by a medical doctor and mid-level care provider for treatment with interferon; a medical meal diet; vaccination against Hepatitis B virus ("HBV") and other appropriate vaccinations; and an eye examination.

The magistrate judge issued his report and recommendation on May 29, 2007.  In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his proposed findings and recommendation must file written objections within ten days after being served with a copy of the report.  On June 6, 2007, the plaintiff filed objections. Subsequently, the plaintiff filed fourteen additional motions:[4] "Motion for Leave to Produce Exhaustion of Remedies" (Doc. 16); "Motion Compelling Parties to File Corporate Disclosure(s)" (Doc. 17); "Motion in Limine Pleadings-Claims" (Doc. 18); "Motion Depositions of Plaintiff" (Doc. 19); "Motion for Default Judgment Claim(s)" (Doc. 20); "Motion to Supplement (Affidavit)" (Doc. 21); "Motion with Memorandum in Support to Supplement" (Doc. 22): "Letter Motion to Stay Complaint" (Doc. 24); "Letter Motion to Set

---

[4]Before the magistrate judge issued his report and recommendation, the plaintiff also filed a "Motion for Access to Local Rules" (Doc. 4).

Aside Motion to Stay Complaint" (Doc. 25); "Motion and Memorandum Brief to Supplement Claims and Pleadings" (Doc. 27); "Motion and Memorandum Brief for Declaratory Relief and Injunction" (Doc. 28); "Motion for Jury Demand" (Doc. 30); "Motion Stressing Section 1915(b)(4) Claims and Pleadings" (Doc. 31); and "Motion and Memorandum to Supplement Complaint" (Doc. 32). For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the plaintiff's objections should be overruled, that the plaintiff's motion to produce exhaustion of remedies should be granted, and that all other pending motions should be denied as moot.

## II. Applicable Law

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed timely objections, this Court reviews de novo the magistrate judge's report and recommendation.

B.    Failure to State a Claim Upon Which Relief Can Be Granted

Where a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, a court must assess the complaint for cognizable claims.  A court must dismiss a complaint, or any portion of a complaint, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).[5]  Dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984).

### III.   Discussion

In his report and recommendation, the magistrate judge found that, for various reasons, the plaintiff's claims against all defendants should be dismissed.  Specifically, the magistrate judge found that the Bureau of Prisons and the United States of America are not subject to suit in a Bivens action because these defendants are federal agencies.  FDIC v. Meyer, 510 U.S. 471, 486 (1994). The magistrate judge further found that the individual defendants from USP Allenwood, USP Coleman, and the Geisinger Medical Center are not subject to personal jurisdiction in this Court because these individual defendants, who are not citizens of West Virginia,

---

[5]Title 28, United States Code, Section 1915A(b) also requires dismissal of frivolous or malicious complaints.

5

lack sufficient minimum contacts with the state of West Virginia to satisfy the requirements of due process, and no conduct giving rise to the plaintiff's claims appears to have occurred in West Virginia.  See Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001); Vass v. Volvo Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W. Va. 2004); W. Va. Code § 56-3-33(a).  Finally, as to the claims brought against the "'Unknown' Health Services Administrator, USP Hazleton, West Virginia," the magistrate judge found that the plaintiff had failed to allege any specific act on the part of the defendant that exceeded the scope of his employment or violated any policy of the Bureau of Prisons and that, therefore, the claim was, in effect, asserted against the defendant in his official capacity. Accordingly, the magistrate judge concluded that the plaintiff had failed to state a claim which can be brought under Bivens.

The magistrate judge also determined that even if the plaintiff had properly brought a Bivens action, the plaintiff failed to exhaust his administrative remedies.  The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff.  If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden, followed by an appeal to the regional director of the Federal Prisons.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of the

General Counsel. The magistrate judge determined that the record did not support the plaintiff's contentions that he had exhausted his administrative remedies.

This Court's de novo review of the pleadings and the record support the magistrate judge's findings. Although the plaintiff filed objections, this Court finds that he failed to adequately address the bases for the magistrate judge's findings that his complaint be dismissed as to each defendant.

The plaintiff has brought suit pursuant to Bivens against the Bureau of Prisons and the United States of America alleging violations of his constitutional rights. However, a federal agency is not subject to suit in a Bivens action. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Because both the Bureau of Prisons and the United States of America are federal agencies, neither can be sued in a Bivens action. Consequently, the plaintiff's complaint must be dismissed as to the Bureau of Prisons and the United States of America.

The plaintiff's complaint also names as defendants five employees of USP Allenwood; one employee of USP Coleman, and the director and staff or the Geisinger Medical Center. USP Allenwood is located in White Deer, Pennsylvania; USP Coleman is located in Coleman, Florida; and the Geisinger Medical Center appears to be located in Pennsylvania. A federal court may exercise personal jurisdiction over a defendant where the long-arm statute of the

7

state where the court sits authorizes the exercise of jurisdiction and comports with the dictates of the Due Process Clause of the Fourteenth Amendment. <u>Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan</u>, 259 F.3d 209, 215 (4th Cir. 2001). The long-arm statute in West Virginia is coextensive with the constitutional requirement of due process under the Fourteenth Amendment. <u>Vass v. Volvo Trucks North America, Inc.</u>, 304 F. Supp. 2d 851, 854 (S.D. W. Va. 2004). Due process is satisfied when the defendant has sufficient minimum contacts with West Virginia so that requiring the defendant to defend its interests in this state would not "offend traditional notions of fair play and substantial justice." <u>Id.</u> at 854.

Nothing in the record indicates that the defendants have the necessary minimum contacts with West Virginia to support a conclusion that this Court has personal jurisdiction over these defendants, nor, for that matter, has the plaintiff alleged such contacts. The defendants are not citizens of West Virginia; the plaintiff has not asserted any contacts by the defendants with West Virginia, and none of the conduct of which the plaintiff complains seems to have occurred in West Virginia. Accordingly, this Court finds that it lacks jurisdiction over these defendants, and the plaintiff's complaint should be dismissed as to them.

Finally, the plaintiff brings suit against defendants he names as "'Unknown' Director and Staff, US Medical Center and Laboratory

8

for Prisoners"; "'Unknown' Health Service Administrator, USP Hazelton, WV"; "Mr. Frimpong, PA/RN/MLCP, USP Hazelton, WV"; and "'Unknown' Government Officials, BOP."[6] To the extent that this Court were to construe the plaintiff's complaint as alleging constitutional violations by these defendants in their individual capacities, the plaintiff has failed to exhaust his administrative remedies. Although the plaintiff's motion to produce exhaustion of remedies included substantial documentation of his efforts to pursue the administrative process, this documentation does not aid him. The evidence he has submitted demonstrates that he has failed to follow proper administrative remedy procedures by, at various times, filing his formal grievance before attempting to seek resolution informally, by failing to sign his grievance forms, by raising multiple issues on a single form instead of, as required by internal BOP procedures, submitting a separate form for each issue, and by skipping steps in the grievance process. For these reasons, his applications for administrative relief have been rejected and returned to the plaintiff for proper processing. On these facts,

---

[6]The magistrate judge's report and recommendation does not address the plaintiff's claims against "'Unknown' Director and Staff, US Medical Center and Laboratory for Prisoners"; "Mr. Frimpong, PA/RN/MLCP, USP Hazelton, WV"; or "'Unknown' Government Officials, BOP." However, the same analysis applies to these defendants as to "'Unknown' Health Services Administrator, USP Hazelton, West Virginia."

the plaintiff clearly has failed to exhaust his administrative remedies, and his claims must therefore be dismissed.[7]

Normally, claims dismissed for failure to exhaust administrative remedies are dismissed without prejudice. However, the plaintiff's pleadings in this case are properly construed as allegations against these defendants in their official capacities. As such, the plaintiff's claims are improper for a <u>Bivens</u> action and must be dismissed with prejudice.

Federal Rule of Civil Procedure 8(a) requires only a short, plain statement of the grounds for the court's jurisdiction; a short, plain statement of claim showing that the complainant is entitled to relief, and a demand for judgment for the relief the complainant seeks. Fed. R. Civ. P. 8(a). Given the liberal pleading requirements of Rule 8, a plaintiff bringing a <u>Bivens</u> claim is generally not required to allege the specific conduct by the defendant which violated the plaintiff's constitutional rights. Nevertheless, where, as here, a plaintiff's claim names governmental defendants in their official, as opposed to individual, capacities, such claims, without more, "generally represent only another way of pleading an action against an entity

---

[7]In his objections, the plaintiff argues that this Court should waive the exhaustion requirement because of the plaintiff's serious medical condition. However, in light of this Court's conclusion, discussed below, that the plaintiff's claim must be dismissed on the merits, this Court need not reach the question of waiver.

of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus, in the absence of any allegations of specific acts by the defendants that exceeded the scope of their employment or violated any policy of their employing agencies, the plaintiff's claim appears to be raised against the governmental agencies and, consequently, fails to state a claim which can be maintained in a Bivens action. For these reasons, the plaintiff's complaint against these defendants must be dismissed with prejudice.

IV. Conclusion

Based upon a de novo review of the petitioner's claims, this Court finds that the plaintiff's objections must be and are hereby OVERRULED and that the magistrate judge's report and recommendation should be and is hereby AFFIRMED and ADOPTED in its entirety. It is ORDERED that the plaintiff's Motion to Produce Exhaustion of Remedies (Doc. 16) be GRANTED and that all other pending motions be DENIED AS MOOT: "Motion for Access to Local Rules" (Doc. 4); "Motion Compelling Parties to File Corporate Disclosure(s)" (Doc. 17); "Motion in Limine Pleadings-Claims" (Doc. 18); "Motion Depositions of Plaintiff" (Doc. 19); "Motion for Default Judgment Claim(s)" (Doc. 20); "Motion to Supplement (Affidavit)" (Doc. 21); "Motion with Memorandum in Support to Supplement" (Doc. 22): "Letter Motion to Stay Complaint" (Doc. 24); "Letter Motion to Set Aside Motion to Stay Complaint" (Doc. 25); "Motion and Memorandum

Brief to Supplement Claims and Pleadings" (Doc. 27); "Motion and Memorandum Brief for Declaratory Relief and Injunction" (Doc. 28); "Motion for Jury Demand" (Doc. 30); "Motion Stressing Section 1915(b)(4) Claims and Pleadings" (Doc. 31); and "Motion and Memorandum to Supplement Complaint" (Doc. 32). It is further ORDERED that the plaintiff's complaint be DENIED and DISMISSED. In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 28, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE